# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **Reyanna Banks** <br><br> **Plaintiff,** <br><br> v. <br><br> **BTF3, LLC d/b/a Paper Moon, Imaginary Images, Inc. d/b/a Paper Moon, and William Pyliaris** <br><br> **Defendants.** | CIVIL ACTION NO. 3:18-cv-00093-HEH |

## COMPLAINT

Plaintiff Reyanna Banks respectfully moves for judgment against BTF3, LLC d/b/a Paper Moon, Imaginary Images, Inc. d/b/a Paper Moon (BTF3 and Imaginary Images are collectively referred to as "Paper Moon"), and William Pyliaris (BTF3, Imaginary Images, and Pyliaris are collectively referred to as "Defendants").

## Introduction

1. This is a claim for unpaid minimum wages and overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., and unpaid wages under Va. Code § 40.1-29.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiff may bring this action in any appropriate United States District Court. Plaintiff seeks this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

5. Banks is a resident of Virginia who is employed by Defendants as a performer and entertainment employee. Banks was an "employee" as contemplated by the FLSA and Va. Code § 40.1-29.

6. BTF3, LLC is a Virginia Limited Liability Company with its principal office in Richmond, VA. BTF3 meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

7. Imaginary Images, Inc. is a Virginia Corporation with its principal office in Richmond, VA. Imaginary Images meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

8. Upon information and belief, Pyliaris is the owner and operator of several adult entertainment clubs including Paper Moon, Baby Dolls, Club Rouge, Candy Bar, Daddy Rabbits, and Pure Pleasure. Pyliaris had ultimate authority over corporate operations as well as Plaintiff's terms and conditions of employment. Pyliaris meets the definition of "employer" as contemplated by the FLSA and Va. Code § 40.1-29.

9. Upon information and belief, Defendants are joint employers in that they share common ownership and management responsibilities over employer functions. Defendants are jointly and severally liable for the acts complained of herein.

**Factual Allegations**

10. Banks has been employed by Defendants since approximately June 2017.

11. Plaintiff's duties are to dance and interact with Defendants' customers.

12. Defendants exerted control over nearly all aspects of Plaintiff's working conditions including:

   a. The type of music she was allowed to dance to;

   b. The schedules she was allowed to work;

   c. The manner in which she interacted with customers;

   d. Her dress code;

   e. The types of shoes she was allowed to wear;

   f. The price she was allowed to charge for dances; and

   g. The overall atmosphere of the club.

13. Despite the fact that Defendants controlled the entirety of Plaintiff's employment, Defendants told Plaintiff she was an independent contractor.

14. On information and belief, Defendants recently began requiring Plaintiff and other workers to sign documents saying they are employees.

15. Plaintiff regularly works more than 40 hours per week.

16. Shifts at Paper Moon last between 8.5 hours and 15 hours with no time allowed for breaks.

17. Plaintiff is regularly scheduled to work five shifts per week, but frequently works double shifts and additional shifts.

18. At times, Plaintiff has worked as much as 65 hours per week.

19. Defendants do not pay Plaintiff at all.

20. Plaintiff does not receive paychecks from Defendants.

21. Rather than receiving wages, Plaintiff receives tips from customers and a portion of her sales made.

22. In addition to not paying Plaintiff, Defendants actually deduct fees from any money earned. Deductions include the "house fee," which is a mandatory amount that must be paid in order to work a shift at Paper Moon, fees for arriving to work late, fees for violating house rules, fees for leaving a shift early, and a percentage of all sales made by Plaintiff.

23. Despite the fact that Plaintiff regularly worked more than 40 hours per week, Defendants did not pay any overtime compensation.

24. Defendants also failed to pay minimum wage.

25. Defendants failed to maintain records of workers' hours worked, wages earned, overtime hours worked, and overtime wages earned as required by the FLSA.

26. Defendants failed to maintain accurate time records of all hours worked by Plaintiff.

27. Defendants' pay practices have deprived Plaintiff of overtime pay when she worked more than 40 hours per week.

28. Defendants' pay practices have deprived Plaintiff of the statutorily-required minimum wage.

29. Pursuant to the FLSA, Defendants are obligated to pay Plaintiff at a time and a half rate for all overtime hours worked. Defendants failed to do so.

30. Pursuant to the FLSA, Defendants are obligated to pay minimum wage for all

hours worked. Defendants have failed to do so.

31. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude her from being paid minimum wage or at one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

32. Defendants willfully violated the FLSA by knowingly failing to pay minimum wage and overtime.

33. At all relevant times Defendants intended to deprive Plaintiff of the minimum wage and overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

34. A related action, alleging similar claims against many of the same Defendants, is pending before this Court. *See Case Number 3:18-cv-39.* Upon information and belief, at least one Plaintiff involved in that case was terminated shortly after Defendants learned of her participation in that case.

35. Plaintiff fears retaliation because of her participation in this lawsuit.

## COUNT I
### *Violation of the FLSA*

36. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as though fully set forth herein.

37. At all times relevant, Defendants failed to pay Plaintiff overtime for working more than 40 hours per week.

38. Plaintiff worked more than 40 hours per week without overtime compensation for hours worked over 40.

39. At all times relevant, Defendants failed to pay minimum wage.

40. Plaintiff worked weeks in which she did not receive minimum wage.

41. At all times relevant, Defendants knew, or should have known, that the FLSA applied to Plaintiff.

42. Defendants knew of Plaintiff's hours worked, and of their obligation to pay minimum wage and overtime. However, Defendants failed to do so.

## COUNT II
### *Violation of Va. Code § 40.1-29*

43. Plaintiff incorporates by reference and re-alleges the preceding paragraphs as though fully set forth herein.

44. Defendants have violated Va. Code § 40.1-29 by failing to pay Plaintiff wages for all hours worked.

45. Defendants have violated Va. Code § 40.1-29 by deducting wages without Plaintiff's signed authorization.

46. Pursuant to Va. Code § 40.1-29, Plaintiff is entitled to the payment of unpaid wages with interest, plus attorneys' fees.

## FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendants:

    A. money damages for all unpaid minimum wages;

    B. money damages for all unpaid overtime compensation;

    C. liquidated damages in an amount equal to all unpaid minimum wages and overtime owed to Plaintiff;

    D. pre-judgment and post-judgment interest;

    E. injunctive relief including but not limited to: an order permanently

enjoining Defendants from retaliating against Plaintiff;

    F.    reasonable attorneys' fees and costs expended in the prosecution of this case;

    G.    any and all further relief permissible by law.

### Va. Code § 40.1-29 Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendants:

    A.    money damages in the amount shown to be due for unpaid wages;

    B.    pre-judgment and post-judgment interest;

    C.    an award of attorneys' fees of one-third of the amount set forth in the final order, and costs incurred on Plaintiff's behalf;

    D.    other further relief as this Court deems necessary and proper.


Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Reyanna Banks**
Plaintiff

By:\_\_\_\_/s/_____
Attorneys for Plaintiff
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com