**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| Reyanna Banks,<br><br>                    **Plaintiff,**<br><br>**v.**<br><br>**BTF3, LLC d/b/a Paper Moon, Imaginary Images, Inc. d/b/a Paper Moon, William Pyliaris,**<br><br>                    **Defendants.** | Case No. 3:18-cv-00093 |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant Imaginary Images, Inc. d/b/a Paper Moon ("Imaginary Images"), BTF3, LLC d/b/a Paper Moon ("BTF3"), and William Pyliaris ("Pyliaris") (collectively "Defendants")[1] by and through undersigned counsel, pursuant to Schedule A of the Scheduling Order dated May 16, 2018 and in response to Plaintiff Reyanna Banks' ("Banks" or "Plaintiff") First Amended Complaint ("Complaint"), answers and states as follows:

## INTRODUCTION

1.     The allegations contained in Paragraph 1 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

2.     The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

---

[1] By jointly filing an answer, Defendants are not waiving their argument that they are not joint employers under the Fair Labor Standards Act.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

5.      The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## PARTIES

7.      Upon information and belief, the Defendants admit that it the Plaintiff is a resident of Virginia, but the remaining allegations contained in Paragraph 7 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

10.     The Defendants admit that Defendant Pyliaris is the President and owner of the unspecified Paper Moon in the Complaint which were acquired on or about December 2016 and July 2017, but the remaining allegations contained in Paragraph 10 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

11.     The allegations contained in Paragraph 11 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

12.     The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

13.     The Defendants admit that there are two clubs in Richmond area called Papermoon, one which is referred to Papermoon Southside and the other as Papermoon Downtown.

14.     The Defendants admit that Plaintiff Banks had access to Papermoon Southside from approximately June 2017 to December 2017 and Papermoon Downtown from September 2017 to February 2018, but deny all the remaining allegations contained in Paragraph 14 of the Complaint.

15.    The Defendants admit that Plaintiff Banks performed at Daddy Rabbits and Candy Bar and that Plaintiff Banks breached her contract in April 2018, but deny all the remaining allegations contained in Paragraph 15 of the Complaint.

16.    The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

17.    The Defendants admit that Plaintiff Banks had access to Candy Bar and Daddy Rabbits and that Plaintiff Banks breached her contract in April 2018 for failing to pay entertainer licensing fees, but deny all the remaining allegations contained in Paragraph 17 of the Complaint.

18.    The Defendants admit that Defendant Pyliaris is the owner and President of the individual establishments and reserved the authority to set the tone of each club, but deny all the remaining allegations contained in Paragraph 18 of the Complaint.

19.    The Defendants admit that Plaintiff Banks breached her contract in April 2018 for failing to pay entertainer licensing fees, but deny all the allegations contained in Paragraph 19 of the Complaint.

20.    The Defendants admit that the contract provides that Entertainers agree to perform stage and private dances for patrons, but deny all the remaining allegations contained in Paragraph 20 of the Complaint.

21.    The Defendants:

    (a)    deny the allegations contained in Paragraph 21 (a) of the Complaint;

    (b)    deny the allegations contained in Paragraph 21 (b) of the Complaint;

    (c)    deny the allegations contained in Paragraph 21 (c) of the Complaint;

(d)     admit Entertainers must comply with all regulations set forth by the Commonwealth of Virginia's ABC laws, but deny all remaining allegations contained in Paragraph 21 (d) of the Complaint;

(e)     deny the allegations contained in Paragraph 21 (e) of the Complaint;

(f)     admit that the individual Clubs set private dance service charges, but deny all the remaining allegations contained in Paragraph 21(f) of the Complaint;

(g)     admit the allegations contained in Paragraph 21(g) of the Complaint.

22.     The Defendants admit that the Plaintiff elected to be classified as an Independent Professional Entertainer, but deny all the remaining allegations contained in Paragraph 22 of the Complaint.

23.     The Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     The Defendants admit that shifts at Papermoon were from 8 p.m. to 3 a.m., but deny all the remaining allegations contained in Paragraph 24 of the Complaint.

25.     The Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     The  Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     The Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The Defendants admit that as the Plaintiff receive fifty percent of services charges for private dances performed by the Independent Professional Entertainer which are in excess of minimum wage, but deny all the remaining allegations contained in Paragraph 28 of the Complaint.

30.     The Defendants admit that Independent Professional Entertainer pay licensing fees, but deny all the remaining allegations contained in Paragraph 28 of the Complaint.

31.     The Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     The Defendants admit that Independent Professional Entertainer did not receive overtime compensation, but deny all remaining allegations contained in Paragraph 32 of the Complaint.

33.     The Defendants admit that Independent Professional Entertainer did not receive wages, but did receive fifty percent of services charges for private dances performed by the Independent Professional Entertainer which are in excess of minimum wage, but deny all remaining allegations contained in Paragraph 32 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

35.     The Defendants admit that Plaintiff were not required to punch a timeclock or otherwise record the specific hours during which they performed at Defendants' facilities, but otherwise deny the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

37.     The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

39.     The allegations contained in Paragraph 39 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

40.     The allegations contained in Paragraph 40 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

41.     The allegations contained in Paragraph 41 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

42.     The allegations contained in Paragraph 42 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

43.     The Defendants admit a collective action is pending before this Court in which the named Plaintiff allege violations of the Fair Labor Standards Act, but deny all the remaining allegations contained in Paragraph 43 of the Complaint.

44.     The Defendants state that the Complaint speaks for itself, and to the extent a response is required, the allegations are denied.

45.     The Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Upon information and belief, the Defendants admit Plaintiff has access to the Dominion Club, deny that Defendant Pyliaris owns and operates the Dominion Club, lack sufficient information to admit or deny the remaining allegations contained in Paragraph 46 of the Complaint, and therefore the allegations are denied.

47.     The Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.     The Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint, and therefore the allegations are denied

49.     The Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     The Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     The Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     The Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

**COUNT I**
**_Overtime, Minimum Wage, and Tip-Sharing Violations of the FLSA_**

54.     The Defendant restates and incorporates by reference its responses set forth in Paragraphs 1 through 54 above as if set forth fully herein.

55.     The allegations contained in Paragraph 55 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

56.     The allegations contained in Paragraph 56 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

57.     The allegations contained in Paragraph 57 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

58.     The allegations contained in Paragraph 58 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

59.     The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

60.     The allegations contained in Paragraph 60 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

61.     The allegations contained in Paragraph 61 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

62.     The allegations contained in Paragraph 62 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

63.     The allegations contained in Paragraph 63 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

64.     The allegations contained in Paragraph 64 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

**COUNT II**
***Violation of Va. Code § 40.1-29***

65.     The Defendant restates and incorporates by reference its responses set forth in Paragraphs 1 through 64 above as if set forth fully herein.

66.     The allegations contained in Paragraph 66 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

67.     The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

68.     The allegations contained in Paragraph 68 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## COUNT III
### *Retaliation in Violation of the FLSA*

69.     The Defendant restates and incorporates by reference its responses set forth in Paragraphs 1 through 69 above as if set forth fully herein.

70.     The allegations contained in Paragraph 70 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

71.     The allegations contained in Paragraph 71 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

72.     The Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     The allegations contained in Paragraph 73 of the Complaint constitute legal conclusions as to which no answer is required, and to the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no factual allegations to admit or deny, but to the extent a response is required the Defendants deny that Plaintiff is entitled to the relief sought in the Bill of Particulars or any relief or damages by virtue of the allegations or any Count in the Bill of Particulars.

## DEFENSES

WHEREFORE, having fully answered all the allegations contained in Plaintiff's Compliant, as defenses to the Complaint, Defendant states as follows:

### FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or laches and/or avoidable consequences and/or estoppel and/or unclean hands and/or any other equitable defenses.

### THIRD DEFENSE

The Plaintiff's claim under the Fair Labor Standards Act  ("FLSA") is barred to the extent that Defendant's actions were taken in good faith in conformity with and reliance upon the U.S. Department of Labor's guidance and established rulings, administrative regulations, and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 259, *et. seq.*, including, but not

limited to, the findings and conclusions issued by the Wage and Hour Division of the U.S. Department of Labor in its investigation of 2014 of Defendants' Baby Dolls facility located in Hopewell, Virginia, and to the extent the period of time alleged in this action predates the limitations period set forth by statute.

### FOURTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of payment, as Plaintiff was properly compensated for actual hours worked, including by payment of service fees well in excess of any wages which they might be theoretically due if she is found to be an employee rather than Independent Professional Entertainer.

### FIFTH DEFENSE

The Plaintiff's claim for damages is barred, in whole or in part, by the doctrine of off-set, including due to overpayment of wages caused by her failure to properly record her hours worked, failure to take paid time off in accordance with company policy or practice, any additional compensation paid over and above her salary, and for compensation already paid for periods not compensable under the FLSA, and to the extent paid, tendered, waived, compromised, and/or released prior to adjudication herein.

### SIXTH DEFENSE

The Plaintiff's claim for damages is barred, in whole or in part, by the doctrine of unjust enrichment, including the fact that she was overpaid by payment of service fees well in excess of minimum wages she would be due if found to be employee under the FLSA.

### SEVENTH DEFENSE

The Defendants acted reasonably and in good faith at all times, and with reasonable grounds to believe that its actions did not violate the FLSA, including by their reliance on the

issuance of a finding by the Department of Labor in March, 2014 that Defendants were in compliance with the provisions of the FLSA with respect to Entertainers, and assert a lack of willfulness or intent to violate the FLSA, and therefore Plaintiff's claim, including any claims for liquidated damages, are barred in whole or in part.

### EIGHTH DEFENSE

The Plaintiff's claim is barred in whole or in part as Plaintiff's position and/or work performed falls within exemptions, exclusions, exceptions or credits provided for in the FLSA.

### NINTH DEFENSE

The Plaintiff cannot establish that any acts or omissions of the Defendant was willful under the FLSA.

### TENTH DEFENSE

To the extent that the Plaintiff claimed damages that were caused, in whole or in part, by ther failure to comply with Defendants' policies, such failure precludes a finding of willfulness under the FLSA.

### ELEVENTH DEFENSE

The Plaintiff's claims is barred, or recovery of damages is precluded, under the *de minimis non curat lex* doctrine and by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which the Plaintiff was engaged in activities that were preliminary, postliminary, or incidental to principal activities.

### TWELFTH DEFENSE

The Plaintiff's claim is barred and/or recovery of damages is precluded due to Plaintiff's own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

**THIRTEENTH DEFENSE**

The Plaintiff's claim for damages is barred to the extent she has failed, refused and/or neglected to mitigate or avoid the damages alleged in the Complaint, if any. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits and benefits received by the Plaintiff, including overpayments to her caused by her failure to properly record her hours worked.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiff's compensation were undertaken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practice or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and its findings in March 2014 with respect to its audit of Baby Dolls in Hopewell, Virginia.

**FIFTEENTH DEFENSE**

Plaintiff's claims stated in the Complaint are barred either in whole or in part pursuant to the doctrine of avoidable consequences.

**SIXTEENTH DEFENSE**

The Plaintiff's Complaint is presented in conclusory and vague terms, which prevents the Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, the Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery and during any other proceeding in this

action.

The Defendants assert these defenses pursuant to Fed. R. Civ. P. 12 (b) but such defenses may not be exclusive and the Defendants do not concede that they bear any burden of proof or production with respect to these or other additional defenses that may arise in the course of this litigation.

The Defendants reserve the right to amend and/or add any additional affirmative defenses and/or counterclaims, which may become known during the course of discovery.

WHEREFORE, the Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice, the Defendants be given judgment in its favor, and that the Defendant be awarded costs and expenses incurred herein, including reasonable attorneys' fees.

Dated:  May 29, 2018                           Respectfully submitted,

**Imaginary Images, Inc. d/b/a Paper Moon,
BTF3, LLC d/b/a Paper Moon,
AND William Pyliaris**


By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:      (757) 648-1445
Facsimile:      (757) 648-1418
E-mail:          thomas.lucas@jacksonlewis.com
                 vaquerak@jacksonlewis.com
                 milena.radovic@jacksonlewis.com
*Counsel for Defendants*

## COUNTERCLAIMS OF DEFENDANTS

COMES NOW Imaginary Images, Inc. d/b/a Paper Moon ("Imaginary Images"), BTF3, LLC d/b/a Papermoon ("BTF3"), and William Andrea Pyliaris ("Pyliaris") by and through undersigned counsel, against the Plaintiff Reyanna Banks and do hereby state as follows:

## COUNTERCLAIMS PARTIES

1.      At all relevant times, Imaginary Images, Inc. d/b/a Papermoon is a gentlemen's club located in Richmond, Virginia.

2.      In December 2016, William Pyliaris acquired Imaginary Images.

3.      At all relevant times, BTF3, LLC d/b/a Papermoon is a gentlemen's club located in Richmond, Virginia.

4.      In July 2017, Pyliaris acquired BTF3, LLC.

5.      Plaintiff Reyanna Banks is, and at all relevant times hereto was an adult, a natural person who allages that at various times performed as an adult entertainer at Imaginary Images and BTF3.

## COUNTERCLAIM FACTS

6.      At all relevant times, the individual Defendants operated gentlemen's clubs in which adult Entertainers, including the Plaintiff entertained on stage and in private dance performances.

7.      On January 10, 2018, Plaintiff executed a document entitled Business Status Selection by Entertainer and Offer of Employment ("Business Status Selection by Entertainer") and Entertainer Licensing Agreement. *See* ECF No. 32-1.

8.      In the Business Status Selection by Entertainer, the Plaintiff had the option of choosing between being an "Independent Professional Entertainer" or "Employee entertainer." *Id.* Plaintiff initialed the space marked Independent Professional Entertainer. *See* ECF No. 32-1.

9.      In consideration of the Agreement, the individual Defendants permitted the Plaintiff to provide the individual clubs a schedule of the show dates that she wanted to perform. Consequently, the individual Defendants made spaces of their establishments available to the Plaintiff during the dates and times she selected. The individual Defendants further permitted the Plaintiff to perform at the individual Defendants' establishments during unscheduled show dates.

10.      Further, the individual Defendants provided the Plaintiff use of their individual premises, music, lighting, and dress room facilities, paid for all copyright fees for music, and reasonably advertised the business for the benefit of both the Plaintiff and the individual Defendants.

11.      The terms of the agreement reflect a lawful objective including but not limited to establishing how the proceeds from performances by Plaintiff at the individual Defendants' establishments were to be allocated.

12.      At all relevant times, the Plaintiff agreed perform stage dances directly for the patrons of the individual Defendants' establishment, and strictly and solely in exchange for compensation paid directly by the patrons of the individual Defendants' establishment to the Plaintiff.

13.      Paragraph 11 of the Agreement states that the individual Defendants "shall establish fixed fees as the price for certain personal performances" and the "Entertainer agrees not to charge a customer less than the fixed price for any such performances unless the

Entertainers notifies the Club in writing of any charges her customers of a lower amount." ECF No. 32-1.

14.     The Entertaining Licensing Agreement also provides that "<u>THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT **ENTERTAINMENT FEES** ARE NEITHER TOPES BIT GRATUITIES, BUT ARE, RATHER, MANDATORY CHARGES TO THE CUSTOMER AS THE PRICE FOR PURCHASING A PERSONAL ENTERTAINMENT PERFORMANCE</u>."  ECF No. 32-1 (emphasis in original).

15.     Pursuant to Paragraph 15 of the Entertainer Licensing Agreement, the "Entertainer shall pay licensing fees…to the Clubs in amounts stated in Exhibit 'A.' Licensing Fees shall be paid immediately upon completion of the Show Date for which they are due." ECF No. 32-1.

16.     At all relevant times, the service charges received from the Plaintiff were included in the individual Defendants' gross receipts.

17.     If a patron purchased a private dance performance either by credit card or cash, the patron provides such payment to the Defendant, who thereafter provides payment of fifty percent of the service charge to the Entertainer directly.

18.     Consequently, all service charges are distributed by the individual Defendants directly to the Plaintiff.

19.     The contractual relationship formed between the Plaintiff and the Defendants is based upon lawful objectives, contains advantageous conditions for Plaintiff, and provides earnings in excess of the minimum standards provided for under the FLSA.

20.     At all relevant times, the Plaintiff performed as Independent Professional Entertainer under her agreement with the Defendants.

21.     Paragraph 12(D)(i) of the Entertainer Licensing Agreement states:

In order to comply with applicable tax laws and to assure that the Club is not unjustly
harmed and that Entertainers is not unjustly enriched by the Parties having financially
operated pursuant to this Agreement, the Parties agree that Entertainer shall surrender,
reimburse and remit to the Club, all Entertainment Fees received by her during all periods
in which the court…finds her to have been the employee of the Club (the
"Reclassification Period") – all of which would otherwise have been collected and kept
by the Club had they been collected and kept by the Club had they not been retained by
Entertainer under the terms of this Agreement.

ECF No. 32-1.

22.     Paragraph 12 also provides that:

Any Entertainment Fees from the Reclassification Period that Entertainer does not return
to the Club shall be deemed service charges paid by the customer and shall be accounted
for by the Club as such. The Club shall then be entitled to a credit against any wages due
in the amount of the Entertainment Fees retained by the Entertainer, and such fees shall
therefore constitute wages paid from Club to Entertainer.

ECF No. 32-1.

23.     Furthermore, Paragraph 12(G) states that:

If at any time Entertainer contends that she should not be bound by the terms of this
Agreement and that she is or was entitled to payment of wages during any period of time
that she performed at the Club, Entertainer shall contemporaneously with making such a
demand, provide to the Club a signed and legally compliant statement of all tip income
earned by her during the time she claims to have been entitles to the payment of wages.

ECF No. 32-1.

24.     The Plaintiff affirmed in writing that she understood that she was acting as
Independent Professional Entertainer.

25.     At all relevant times, Plaintiff represented to individual Defendants' that she
would perform as an Independent Professional Entertainer subject to the terms outlined in her
agreement, and did so knowingly and willingly.

26.     Prior to commencement of this action, the Plaintiff never manifested a desire to be classified as employee and avail herself to the rights, benefits, and protections of the FSLA. Further, prior to commencement of this action, the Plaintiff did not assert that she was misclassified as an Independent Professional Entertainer or claim that she were wrongfully denied the benefits of an employee under FLSA. Moreover, the Plaintiff did not provide statement of all tip income she earned during the relevant period of time as required by her Agreement.

27.     Although the Plaintiff materially benefitted from her Independent Professional Entertainer relationship with the individual Defendants, she now denies and repudiates that relationship in order to seek payment of minimum wages and overtime in an attempt to avail herself of the benefits of the FLSA while retaining all previous service charges remitted to them.

28.     If the Plaintiff had elected to be classified as employee of the individual Defendants, then the Defendants would have been entitled to claim the tip credit for any gratuities provided to Plaintiff by patrons under the FLSA.

29.     As a direct and proximate result of the contractual business relationship between, and the related actions and inactions of the Plaintiff, the Defendants have suffered substantial and significant damages, including general and special damages and the aforesaid losses, in an amount to be ascertained prior to and proven at trial.

30.     Consequently, the Defendants are entitled to a set off for the service charges to which they would have been entitled had the Plaintiff been classified as employee.

31.     As a direct and proximate result of the repudiation and breach by the Plaintiff, the Defendants have been damaged and are entitled to a monetary offset against any liability arising from Plaintiff's claims, which are expressly denied.

32.     In the event there is a determination that the Plaintiff is entitled to minimum wage, the payments she received from private dance performances should be offset against her claim of entitlement to hourly wages and/or any other amounts outlined in her Amended Complaint.

## COUNTERCLAIM COUNT I –
## UNJUST ENRICHMENT, QUANTUM MERUIT AND OFFSET

33.     Defendants incorporate herein Paragraphs 1 thorough 32 of this Counterclaim and restate and reassert as if fully rewritten here each and every averment and allegation set forth in the foregoing paragraphs.

34.     Pursuant to 29 C.F.R. § 531.55(a), a service charge is "[a] compulsory charge for …imposed on a customer by an employer's establishment."

35.     When a service charge become part of the employer's gross receipts, it is not a tip under the Fair Labor Standards Act. *See* 29 C.F.R. § 531.55(a).

36.     When an employer distributes the service charge to its employees, the service charges may be used in their entirety to satisfy the monetary requirements of the Fair Labor Standards Act. *See* 29 C.F.R. § 531.55(a), *see also McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 246 (4th Cir. 2016).

37.     As the Fourth Circuit Court of Appeals has previously stated, there are at "two prerequisites to counting 'service charges' as an offset to an employer's minimum-wage liability." *McFeeley*, 825 F.3d at 246. First, the "service charge 'must have been included in the establishment's gross receipts,'" and second, "it must have been 'distributed by the employer to its employees.'" *Id.*

38.     At all times relevant, the Defendants provided to the Plaintiff the benefits and advantages of providing services as an Independent Professional Entertainer.

39.     The Plaintiff enjoyed those benefits, including but not limited to the freedoms, flexibility and tax advantages of such a relationship by operating as an Independent Professional Entertainer.

40.     By treating the Plaintiff as an Independent Professional Entertainer pursuant to her agreement with them, the individual Defendants failed to obtain and collect the revenues, including without limitation all or a portion of all service charges from private dance performance.

41.     If the Plaintiff prevails in her claims, she will be substantially and unjustly enriched at the expense of the Defendants, some or all of which will be substantially and unjustly harmed by the Plaintiff.

42.     The Plaintiff obtained the individual Defendants' consent respectively through various representations and conduct including the contract and by signing subsequent agreements verifying her financial arrangement, and thereby obtained financial and other benefits from the individual Defendants respectively.

43.     If Plaintiff prevails in her claims, she will obtain the full benefit of using the individual Defendants' personnel, good-will and other assets to generate revenue and will simultaneously retain all such revenue, including service charges from personal dance performances, while the Defendants will retain no benefit from Plaintiff use of the individual Defendants' facilities.

44.     Therefore, the Plaintiff will be unjustly enriched by here actions and is accountable to the Defendants under the theory of quatum meruit.

45.      As a direct and proximate result of the conduct of the Plaintiff, the individual Defendants have suffered substantial and significant damages, including general and specific

damages and the aforesaid losses, in an amount to be ascertained prior to and proven at trial, and are entitled to a monetary offset against any potential liability arising from Plaintiff' claims.

46.     Accordingly, the Defendants are entitled to an award of all private dance service charges received by the Plaintiff while performing in the individual Defendants' establishments.

### COUNTERCLAIM COUNT II – BREACH OF CONTRACT

47.     Defendants incorporate herein Paragraphs 1 thorough 46 of this Counterclaim and restate and reassert as if fully rewritten here each and every averment and allegation set forth in the foregoing paragraphs herein.

48.     The Plaintiff entered into contractual relationships with the individual Defendants under which the Plaintiff agreed to provide entertainment services, as described above, solely as an Independent Professional Entertainer according to the terms described previously and herein.

49.     The right of Plaintiff to obtain and retain mandatory fees was and is specifically contingent and conditioned on said business relationships

50.     In consideration for the promises of  the Plaintiff, the individual Defendants agreed to permit the Plaintiff to perform adult entertainment services in their establishments, to charge patrons fees in excess of the mandatory service charge, and to accept service charges from patrons.

51.     Upon information and belief, the Plaintiff earned hundreds of dollars in service fees while performing private dances at the individual Defendants' establishments at effective daily and hourly rates far in excess of minimum wage rates.

52.     The individual Defendants relied reasonably and in good faith to their detriment on the representations and the promises of the Plaintiff to provide entertainment services as an Independent Professional Entertainer.

53.     The individual Defendants relied in structuring their business relationships, in forming and executing their business plan, in planning for, preparing, and paying their taxes.

54.     The Plaintiff knowingly and purposefully induced individual Defendants to rely upon such promises.

55.     At all relevant times, the individual Defendants provided the Plaintiff with the benefits and opportunities that together comprised the consideration for the contractual relationship.

56.     The Plaintiff retained the benefit of her bargain with individual Defendants.

57.     By claiming, retroactively, that she was an employee, and not properly compensated for the services which she promised to render as Independent Professional Entertainer on the terms set forth above, the Plaintiff has breached her contract with the Defendants.

58.     Further, her continued actions including without limitation the present First Amended Complaint against Defendants represent a breach and anticipatory breach on behalf of the Plaintiff's contractual relationship with the Defendants.

59.     As a direct and proximate result of these breaches, continuing breaches and anticipatory breaches, the Defendants have suffered substantial and significant damages, including without limitation general and special damages and the aforementioned losses, in an amount to be ascertained prior to and proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants having fully stated their Claims against the Plaintiff as Counterclaimant, hereby demand judgment against the Plaintiff as follows:

1.     For the return of all service charges from all private dance performance fees collected by the Plaintiff from the  Defendants;

2.     For restitution, including a return of all service charges from all private dance performance fees, or for set offs against any award of wages, overtime payments, monetary benefits or other accouterments of employment to which the Plaintiff may be found entitled in this action;

3.     For such damages as the Court determines are just and equitable;

4.     For interest;

5.     For reasonable attorneys fees, costs and expenses of suit, and;

6.     For full, general and equitable relief, and for such other relief as the Court, in the sound exercise of its discretion, deems just.

Dated:  May 29, 2018                    Respectfully submitted,

**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, LLC d/b/a Paper Moon,**
**AND William Andreas Pyliaris**


By:  _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:     (757) 648-1445
Facsimile:      (757) 648-1418
E-mail:         thomas.lucas@jacksonlewis.com
                vaquerak@jacksonlewis.com
                milena.radovic@jacksonlewis.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Philip Justus Dean
Craig Juraj Curwood
Curwood Law Firm
E. Main Street, Suite 710
Richmond, Virginia 23219

**Imaginary Images, Inc. d/b/a Paper Moon,**
**BTF3, LLC d/b/a Paper Moon,**
**AND William s Pyliaris**


By: _____/s/_____
Thomas M. Lucas (VSB No. 27274)
Kristina H. Vaquera, Esq. (VSB No. 43655)
Milena Radovic, Esq. (VSB No. 91000)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:      (757) 648-1445
Facsimile:      (757) 648-1418
E-mail:         thomas.lucas@jacksonlewis.com
                vaquerak@jacksonlewis.com
                milena.radovic@jacksonlewis.com
*Counsel for Defendants*

4826-7999-8311, v. 1